UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK MARVIN,

               Petitioner,

-against-

THE STATE OF NEW YORK,

               Respondent.

24-CV-1656 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner Mark Marvin, who is appearing *pro se*, styles this action as a notice of removal of Donald Trump's criminal case from New York State Supreme Court, New York County.[1] *See People v. Trump*, Ind. No. 71543-23/001 (N.Y. Sup. Ct., N.Y. Cnty.). He also styles the action as a petition for a writ of *habeas corpus*.[2] Because Petitioner is not a defendant in *People v. Trump*, he cannot remove the action to this court or seek *habeas* relief on the former President's behalf. The Court therefore dismisses the action.

## DISCUSSION

To remove a state-court criminal action to a federal district court:

> [a] *defendant* . . . shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

---

[1] On May 30, 2024, a jury found Donald Trump guilty of 34 charged counts. The criminal case is not closed, however, because the former President has yet to be sentenced. Petitioner filed an amended notice of removal and a third notice of removal on May 1, 2024, and June 5, 2024. (*See* ECF 5-6.)

[2] Petitioner paid the $5.00 filing fee.

28 U.S.C. § 1455(a) (emphasis added). Petitioner is not a defendant in the former President's criminal case, and the criminal matter has not been removed to this court. Thus, the Court dismisses the action because Petitioner cannot remove the criminal case to federal court.

To the extent Petitioner seeks to act on Trump's behalf, either by removing this action or seeking *habeas* relief, Petitioner "must provide an adequate explanation – such as inaccessibility, mental incompetence, or other disability – why the real party in interest cannot appear on his own behalf to prosecute the action." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). Petitioner cannot satisfy this requirement.

Finally, Petitioner's underlying challenge to the state court criminal matter cannot be raised by him as a grounds for removal to federal court. Petitioner's claim that the state court's scheduling of the criminal case during Passover excluded "observant Jewish peoples . . . from the jury pool[,] . . . [thereby] taint[ing] the trial and depriv[ing] the defendant of a group of potential jurors who are known to be not hostile to the defendant, unlike the majority of the New York population," is an argument for the defendant in *People v. Trump* to raise. (ECF 5, at 2.)

Accordingly, the Court dismisses this action because Petitioner cannot remove *People v. Trump* on his own behalf or on behalf of Donald Trump, nor can he obtain *habeas* relief on behalf of the former President.

District courts generally grant a *pro se* party an opportunity to amend a filing to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Petitioner cannot bring this action on his own behalf or on behalf of the former President, the filing cannot be cured with an amendment, and the Court declines to grant Petitioner leave to amend his submission.

## CONCLUSION

This action is dismissed because Petitioner cannot remove *People v. Trump*, Ind. No. 71543-23/001 (N.Y. Sup. Ct., N.Y. Cnty.) on his own behalf, or on behalf of Donald Trump, nor can he obtain *habeas* relief on behalf of the former President.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Because Petitioner has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:   July 3, 2024
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge